IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 13 |
| | ) | |
| Warnetta E. Davenport, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | Judge Carol A. Doyle |
| Warnetta E. Davenport, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No.  15 A 00559 |
| | ) | |
| Cavalry Investments, LLC, | ) | Case No. 14 B 30261 |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Warnetta E. Davenport, a chapter 13 debtor, filed an adversary complaint against Cavalry Investments, LLC.  In Count I, she alleges that Cavalry violated provisions of the Fair Debt Collections Practices Act ("FDCPA") by filing proofs of claim to collect debts that are barred by the statute of limitations.  In Count II, she alleges that Cavalry perpetrated a "fraud on the court" by filing its proof of claim in her case.   In Count III, she objects to Cavalry's proof of claim. Cavalry moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  With respect to Counts I and III, Cavalry argues that (1) FDCPA claims are precluded by the Bankruptcy Code, and (2) Davenport is collaterally estopped from objecting to the claim and from alleging that the claim violates the FDCPA by her confirmed plan.  Neither

argument has merit; the court will deny the motion to dismiss Counts I and III. Count II, however, fails to state a claim and will be dismissed.

1. Jurisdiction

The court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), which confers jurisdiction over matters arising under title 11, arising in a case under title 11, and related to a case under title 11. This proceeding does not arise in or under title 11 but it is related to Davenport's bankruptcy case because resolution of the claims could affect the amount of property available for distribution to creditors. *See In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987); *Murff v. LVNV Funding, LLC (In re Murff)*, 2015 WL 3690994 at *1 (Bankr. N.D. Ill. June 15, 2015); *Avalos v. LVNV Funding, LLC (In re Avalos)*, 531 B.R. 748, 750 (Bankr. N.D. Ill. 2015); *LaGrone v. LVNV Funding, LLC (In re LaGrone)*, 525 B.R. 419, 425 (Bankr. N.D. Ill. 2015). Under 28 U.S.C. § 157(c), a bankruptcy court hearing a related proceeding proposes findings of fact and conclusions of law to the district court, which must enter any final judgment. Ruling on this motion to dismiss will not result in entry of a final judgment, however, so the court may decide it without making proposed findings to the district court.

2. Standard on a motion to dismiss

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Geinosky v. City of Chicago*, 675 F.3d 743, 746 (7th Cir. 2012). A court reviews the allegations to determine

whether the complaint states a "plausible" claim for relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

    3. <u>Facts and Background</u>

The facts alleged in the complaint are straightforward. Cavalry is a debt collector as that term is defined in the FDCPA. Cavalry purchases distressed debt portfolios from banks, consumer finance companies, and other consumer creditors. In August of 2014, Cavalry filed a proof of claim in Davenport's bankruptcy case. The proof of claim is based on a consumer credit card debt that was charged off in 2003, more than twelve years before Davenport filed her bankruptcy petition, and is therefore unenforceable under Illinois' five-year statute of limitations for credit card accounts. Davenport does not dispute the accuracy of the content of the proof of claim, and Cavalry does not dispute that the Illinois statute of limitations applies to its claim.

Davenport's chapter 13 plan was confirmed in November 2014. She filed the complaint in this adversary proceeding in August 2015. The complaint alleges that Cavalry filed a proof of claim in Davenport's case to collect on a debt that is barred by the applicable statute of limitations. In Count I, Davenport alleges that filing the unenforceable claim violated §§ 1692e and 1692f of the FDCPA, 15 U.S.C. § 1692e, f. Section 1692e prohibits debt collectors from using false, deceptive, or misleading representations to collect a debt, including false representations about the amount or legal status of a debt. Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt. Davenport alleges that Cavalry violated both provisions of the FDCPA because it misrepresented the legal status of the

3

unenforceable debt and used deceptive, unfair, unconscionable, and misleading means to collect it.

In Count II, Davenport alleges a claim entitled "Fraud on the Court." She states that, by filing the stale proof of claim, Cavalry violated two criminal statutes that prohibit a person from knowingly and fraudulently making false statements in a bankruptcy case. 18 U.S.C. §§ 152, 3571. Davenport also alleges that the court has authority under § 105(a) of the Bankruptcy Code and Rule 9011 of the Federal Rules of Bankruptcy Procedure to impose sanctions for filing the stale claims. Count III alleges an objection to the proof of claim.

A week before Cavalry filed its motion to dismiss, this court issued an opinion in a similar adversary proceeding, *Edwards v. LVNV Funding (In re Edwards)*, 539 B.R. 360 (Bankr. N.D. Ill. 2015), which addresses a number of issues raised in Cavalry's motion.

    4. Counts I and III

Cavalry makes two principal arguments in support of dismissing Counts I and III: (1) the FDCPA does not apply in bankruptcy cases because the FDCPA is in direct conflict with the Bankruptcy Code; and (2) under the doctrine of collateral estoppel, Davenport cannot challenge the enforceability of Cavalry's proof of claim because it filed the claim before confirmation of her chapter 13 plan and she failed to object to it before her plan was confirmed.

    A. Bankruptcy Code Preclusion of FDCPA

This court rejected Cavalry's first argument - that the Bankruptcy Code precludes claims under the FDCPA - in *Edwards* based on *Randolph v. IMBS, Inc.*, 368 F.3d 726, 733 (7th Cir. 2004), which held that the provisions of the FDCPA and the Bankruptcy Code are not in

irreconcilable conflict but instead can be enforced simultaneously.  539 B.R. at 363.  Cavalry's argument is rejected for the reasons stated in *Edwards*.

### B.  Collateral Estoppel

Cavalry's second argument, that collateral estoppel applies to bar Davenport from challenging the validity of its proof of claim, is based primarily on *Adair v. Sherman*, 230 F.3d 890 (7th Cir. 2000).  In *Adair,* a debtor failed to object to a secured creditor's proof of claim before confirmation of his chapter 13 plan.  He objected to the claim after confirmation, but the bankruptcy case was dismissed before that issue was resolved by the bankruptcy court.  After dismissal of the bankruptcy case, the debtor filed a complaint against the creditor in district court alleging that it violated the FDCPA by intentionally overvaluing its collateral in its proof of claim in the bankruptcy case.  The Seventh Circuit affirmed the district court's dismissal of the case, concluding that collateral estoppel applied primarily because the secured creditor filed a proof of claim before confirmation and the debtor failed to object to the claim before the plan was confirmed.  *Id*. at 895.  Cavalry asserts in this case that it filed its unsecured proof of claim before confirmation of Davenport's plan and that, under *Adair*, the confirmation of her plan adjudicated the validity of its claim.  It contends that she is therefore barred under the doctrine of collateral estoppel from bringing a claim under the FDCPA based on the proof of claim or objecting to the claim.

Cavalry does not address in its motion or its reply, however, a later Seventh Circuit case cited by Davenport - *In re Hovis*, 356 F.3d 820 (7th Cir. 2004).[1]  The *Hovis* court held that

---

[1]Cavalry failed to address *Hovis*, or the issue of collateral estoppel at all, in its reply brief, effectively conceding the point.  Counsel for Cavalry admitted as much at a hearing on the motion to dismiss after briefing was complete.

collateral estoppel does not apply within an ongoing bankruptcy case, and it expressly limited application of *Adair* to cases involving litigation filed after a bankruptcy case is concluded. In *Hovis*, a secured creditor argued that collateral estoppel barred the chapter 11 debtor whose plan had been confirmed from objecting to its claim after confirmation. The court held that "issue preclusion has no role within a unitary, ongoing proceeding. *Adair* and similar decisions that arise from sequential suits are irrelevant within one suit." *Id*. at 822. The court explained that, within a bankruptcy case, deadlines are set by the statute, the bankruptcy rules, and court orders, and that no "statute or rule require[s] objection to precede confirmation." *Id*. The court thus recognized that neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure contain time limits for filing objections to claims or require a debtor to object to a proof of claim before confirmation. The court concluded that, "It would greatly and needlessly disrupt ordinary, efficient means of reorganization to adopt a rule that all claims must be filed and litigated to conclusion before a plan of reorganization is confirmed." *Id.*

The *Hovis* court noted that if confirmation of the debtor's plan depended on the secured creditor's claim being correct, then judicial estoppel might block a post-confirmation effort to deny the validity of the claim. *Id.* at 823. The court determined, however, that the parties did not in fact litigate the validity of the creditor's claim at the confirmation hearing. It concluded that a plan that merely provides to pay all valid claims "need not imply that any given claim *is* valid to the full extent of the creditor's demand." *Id.* It therefore permitted the debtor to challenge the creditor's proof of claim after confirmation. Thus, *Hovis* rejected the premise of Cavalry's argument, concluding instead that collateral estoppel does not apply at all within a bankruptcy case and that a debtor need not object to claims before confirmation. *See also In re*

*Morton*, 298 B.R. 301, 309-10 (B.A.P. 6th Cir. 2003) (concluding that claim objection filed after confirmation was not filed too late); *In re Shank*, 315 B.R. 799, 801 (Bankr. N.D. Ga. 2004) (permitting chapter 13 debtor to object to claims after his plan was confirmed); *In re Barton*, 249 B.R. 561, 566 (Bankr. E.D. Wash. 2000) ("If Congress had intended objections to claims to be filed prior to Chapter 13 plan confirmation, it would have been a simple matter to write such a deadline into the statute."). Cavalry's collateral estoppel argument has no merit.

5. Count II

Count II of Davenport's complaint alleges that Cavalry committed a "fraud on the court." The allegations are virtually identical to the allegations in *Edwards*. The claim will be dismissed for the reasons stated in *Edwards*. 539 B.R. at 367.

6. Conclusion

For the reasons stated above, the motion to dismiss Counts I and III will be denied. The motion to dismiss Count II for "Fraud on the Court" will be granted.

Dated: December 14, 2015

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge